CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY ALLEN HART, | CASE NO. 7:13CV00165 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| v. | |
| COMMONWEALTH OF TAZEWELL COUNTY, VIRGINIA, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Jeffery Allen Hart, a Virginia inmate proceeding pro se, filed pleadings that this court construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hart now objects to the court's construction of his motion. For the reasons herein stated, the court dismisses Hart's petition without prejudice.

Hart has filed his petition twice in this court. He initially filed a "MOTION TO VACATE A 'VOID AB INITIO' CONVICTION AND SENTENCE PURSUANT TO VA. CODE § 8.01-428" on June 22, 2012. The court construed and conditionally filed this submission as a § 2254 habeas corpus petition, because Hart's pleading challenged the validity of his confinement under a criminal judgment entered against him by the Tazewell County Circuit Court. Hart v. Commonwealth of Tazewell County, Virginia, Case No. 7:12CV00277 (W.D. Va. 2012). The court notified Hart of its intention to address his petition under § 2254 if he did not object. See Castro v. United States, 540 U.S. 375, 381 (2003). Hart objected. He stated that he did not want his pleading addressed as a § 2254 habeas petition, and insisted that the court address his pleading under Virginia law instead. Finding no authority under Virginia law allowing this court to review the validity of Hart's confinement under a state court criminal judgment, the court dismissed the action without prejudice.

Hart then filed similar motions in the Supreme Court of Virginia and in the Tazewell County Circuit Court, which were denied. In April 2013, Hart submitted copies of all this paperwork to this court, along with a pleading styled as a "Notice of Appeal." He seeks to have his state convictions vacated and have the charges transferred to another jurisdiction for trial. The court conditionally filed these new submissions as a § 2254 petition and notified Hart of his opportunity to object to this construction, pursuant to Castro. Hart now objects and insists that the court should address his submissions as a "motion to vacate a 'void-ab-anitio' motion to vacate . . . under Va. Code § 8.01-428, and also under Canon's 3(E)1a) [sic], and also § 19.2-153, Code of Va. Also 28 U.S.C.S. § 455." Neither § 455[1] nor any of the state law provisions cited by Hart authorizes this federal court to review the validity of his claims that he is wrongfully confined under a state court criminal judgment.

Perhaps Hart believes that this court can review the judgments of the state courts denying his motions to vacate a "void-ab-anitio." Hart is mistaken. Lower federal courts do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).[2] Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court through a petition for a writ of certiorari, under certain circumstances. Id.; 28 U.S.C. § 1257.

---

[1] The federal statute on which Hart relies cannot provide grounds for the relief he seeks. Section 455 concerns the responsibility of a federal judge to disqualify himself from presiding over any proceeding "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Therefore, this section does not provide authority for this court to review the validity of Hart's state court conviction or sentence.

[2] See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

2

For the reasons stated, the court finds no ground on which Hart is entitled to the relief he seeks and will terminate the § 2254 case and dismiss Hart's motion/petition without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 6th day of May, 2013.

/s/ Glen Conrad
Chief United States District Judge